(75 South. 632)

MARENGO COUNTY BANK v. MILLER.
(2 Div. 171.)

(Court of Appeals of Alabama.   May 29, 1917.)

COURTS ⟐⟐57(2) — CIRCUIT COURT — OFFICIAL REPORTER—STATUTE.
    The judge of the Marengo county circuit is a circuit judge, the county constituting a separate circuit, and is under duty to appoint a competent court reporter, and, such reporter having been appointed, and having performed the service and received the proper certificate, it became the duty of a bank acting as treasurer for the county to pay the entire amount under Acts 1915, p. 861, § 5, providing that each official circuit court reporter shall receive $1,200 a year, etc.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 200.]

Appeal from Circuit Court, Marengo County; R. I. Jones, Judge.

Motion for a summary judgment under Code 1907, § 5938, by George O. Miller against the Marengo County Bank, etc. From a judgment for the movant, the bank appeals. Affirmed.

The appellee filed his motion in the court below for a summary judgment against appellant for $100, under section 5938 of the Code, the sum claimed to be due him as court reporter from January 15 to February 15, 1917, by virtue of services rendered under an appointment to the office under act of the Legislature of 1915, providing that "each of the judges of the circuit court is hereby authorized and directed to appoint," etc., a reporter. The appellant by proper answer denied liability in toto, or, if liable at all, then only for a pro rata of the salary to be paid, as shown by a bill introduced in the Legislature, but failed of enactment on account of the veto of the Governor. The facts were agreed to between the parties, and the pleadings, together with the facts, properly raise the following questions for review: (1) Is the county of Marengo liable for the salary of $100 per month as prescribed by section 5 of the act approved September 25, 1915 (Acts 1915, p. 8611)?   (2) Is the county of Marengo liable for the pro rata of the salary of $100 per month as fixed by a bill introduced in the Legislature but which failed to become a law by reason of the veto of the Governor? There was judgment for the movant, and the bank appeals.

William Cunninghame, of Linden, for appellant. I. I. Canterbury, of Linden, and Reese & Reese, of Selma, for appellee.

SAMFORD, J.   The question as to whether the county of Marengo constitutes a separate circuit, if it was ever open to doubt, has been correctly settled in the case of Smith v. Stiles, 195 Ala. 107, 70 South. 905. The judge of that circuit is a circuit judge, and not only has the authority, but it is his duty, to appoint a competent court reporter. That having been done, and the movant having performed the service and received the proper certificate, it became the duty of the bank, acting for the county, to pay the entire amount. Acts 1915, p. 861, § 5. The act referred to is not dependent upon any law that may have failed of passage. It stands by itself and is broad enough to provide as many court reporters as there are circuit judges in the state, and, when they are provided and perform the service, the county or counties comprising the circuit must pay them.

There is no error in the record, and the judgment is affirmed.

Affirmed.

---

(75 South. 632)

FORBUS v. STATE.   (5 Div. 256.)

(Court of Appeals of Alabama.   May 8, 1917.)

CRIMINAL LAW ⟐⟐1094 — APPEAL — FAILURE TO FILE BILL OF EXCEPTIONS.
    Where the time for filing bill of exceptions has passed, the Attorney General's motion to dismiss the appeal will be granted.
    [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2807, 3204.]

Appeal from Circuit Court, Elmore County; Gaston Gunter, Judge.

Dee Forbus was convicted of an offense, and he appeals. Appeal dismissed.

W. L. Martin, Atty. Gen., for the State.

BRICKEN, J.   In this case judgment of conviction was had on September 14, 1916, and the appeal from said judgment was taken on that same date. It is here submitted on motion to dismiss; and, as the time for filing bill of exceptions has passed, the motion of the Attorney General to dismiss the appeal is well taken, and the appeal is, accordingly, dismissed.

Appeal dismissed.